

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 9, 1967

Hon. W. S. Heatly, Chairman
Appropriations Committee
House of Representatives
Austin, Texas

Opinion No. M- 20

Re: Whether a proposed Bill
(Medical Assistance Act
of 1967), if enacted by
the Legislature, will
insure the right of Old
Age Assistance recipients,
who have been committed
or admitted to mental
hospitals under the control
and management of the Texas
Department of Mental Health
and Mental Retardation, to
the continued receipt of
such Old Age Assistance
pensions as well as medical
assistance payments after
their admission or commit-

Dear Mr. Heatly:
ment and related question.

You have requested the opinion of this office as to
what effect the Medical Assistance Act of 1967, a proposed
bill before the 60th Legislature, would have on the right of
mental patients in our State hospitals to receive old age
assistance and medical assistance. In this connection you have
specifically posed the following questions:

"1. Would the proposal, if enacted by the
Legislature, insure the right of Old Age Assistance
recipients who have been committed or admitted to
mental hospitals under the control and management
of the Texas Department of Mental Health and Mental
Retardation to the continued receipt of such Old
Age Assistance pensions as well as medical assistance
payments after their admission or commitment?

"2. If your answer to question No. 1 above
is conditional, please indicate what such conditions
would be."

Section 20 of Article 695c, Vernon's Civil Statutes, sets forth the requirements which an individual must meet before he or she is eligible to receive old age assistance payments and provides, in part, as follows:

"Old Age Assistance shall be given under the provisions of this Act to any needy person:

" . . .

"(4) Who is not at the time of receiving assistance an inmate of a public institution. . . .

" . . . ." (Emphasis added)

Section 3 of Article 695j, Vernon's Civil Statutes, sets forth the requirements which an individual must meet before he or she is eligible for the medical benefits available to recipients of public assistance pursuant to Article 695j, and provides, in part, as follows:

"Medical Assistance may be given under the provisions of this Act on behalf of any recipient or public assistance:

" . . . .

"(2) Who is not an inmate in a public institution (except as a patient in a medical institution) or is not a patient in an institution for tuberculosis or mental disease, or who has not been diagnosed as having tuberculosis or psychosis and is a patient in a medical institution as a result thereof.

" . . . ." (Emphasis added)

In Attorney General's Opinion No. 0-2527 (1940), the question was posed as to whether inmates of public or private institutions for the insane were eligible to receive old age assistance. In reaching the decision that inmates of public or private institutions for the insane were ineligible to receive old age assistance, Attorney General's Opinion No. 0-2527 (1940) noted that one of the statutory qualifications that an individual must meet to be eligible for old age assistance was that such individual:

"Is not at the time of receiving such aid an inmate of any public or private home for the aged, or any public or private institution of a custodial, correctional, or curative character, provided, however, that aid may be granted to persons temporarily confined in private institutions for medical or surgical care."

Attorney General's Opinion No. 0-2527 (1940), further stated, in connection with the foregoing statutory provision, that:

"We believe the foregoing provision unequivocally excludes persons otherwise eligible to receive old age assistance, who are inmates of such institutions as described in your letter, whether such institution be public or private. The state has made other provision for the support and maintenance of its indigent insane and by the foregoing declaration the Legislature has expressly manifested its intention that old age assistance moneys should not be used for such purpose. . . ." (Emphasis added)

In view of the holding in Attorney General's Opinion No. 0-2527 (1940) and the express language found in Section 20 of Article 695c and Section 3 of Article 695j, an individual who is an inmate in a State mental hospital is ineligible, under existing statutes, to receive either old age assistance pursuant to Article 695c or medical assistance pursuant to Article 695j.

The proposed Medical Assistance Act of 1967, in the form presented to this office, provides in Section 2 thereof that:

"It is the intent of the Legislature to make statutory provision which will enable the State of Texas to provide Medical Assistance on behalf of needy individuals of this State and to enable the State to obtain all benefits provided by the Federal Social Security Act as it now reads or as it may hereafter be amended, or by any other Federal Act now in effect or which may hereafter be enacted within the limits of funds available for such purposes. Whenever used in this Act the term "Medical Assistance" shall include all of the health care, services, assistance and benefits authorized or provided for in such Federal legislation." (Emphasis added)

Section 4 of the proposed Medical Assistance Act of 1967 provides in part that:

"The State Department is hereby authorized and empowered to determine the scope of the services to be covered, the amounts to be paid, and the duration of Medical Assistance to be furnished; provided, however, that the State Department shall provide Medical Assistance on behalf of all recipients of public assistance and such other related groups as are mandatory under Federal Laws and rules and regulations. . . .

"Medical Assistance provided for these groups shall be not less in scope, duration, or amount than is currently furnished such groups, and in addition, shall include at least the minimum services required under Federal Laws and rules and regulations . . . .

"The State Department is authorized and empowered at such times as the State Department may determine feasible and within the limits of appropriated funds, to extend the scope, duration, and amount of Medical Assistance on behalf of these groups of public assistance recipients and related groups as are mandatory so as to include, in whole or in part, the optional medical services authorized under Federal Laws and rules and regulations. . . ."
(Emphasis added)

Section 5 of the proposed Medical Assistance Act of 1967 provides in part that:

"In accordance with rules and regulations adopted by the State Department, Medical Assistance may be extended on behalf of such other groups as are found to be financially unable to meet the cost of medical services. . . .

"In addition to these minimum services required under Federal Laws and rules and regulations, the State Department is authorized and empowered, at such times as the State Department may determine feasible and within the limits of appropriated funds, to extend the scope, duration, and amount of medical services on behalf of these groups so as to include, in whole or in part, the

optional medical services authorized under
Federal Laws and rules and regulations. . . ."
(Emphasis added)

Section 8 of the proposed Medical Assistance Act
of 1967 provides, in part, that:

"All individuals who are receiving public
assistance grants shall be automatically eligible
for Medical Assistance as provided in this Act
and an application for Old Age Assistance, Aid
to the Blind, Aid to the Permanently and Totally
Disabled, or Aid to Families with Dependent
Children shall constitute an application for
Medical Assistance as provided herein.

"For any groups for which Medical Assistance
is provided who are not recipients of public assist-
ance, the State Department shall prescribe the neces-
sary forms and shall adopt reasonable rules and
regulations for accepting and processing applica-
tions for Medical Assistance." (Emphasis added)

Section 22 of the proposed Medical Assistance Act
of 1967 provides, in part, that:

"All laws or parts of laws in conflict
with this Act are hereby repealed to the ex-
tent of such conflict only and it is specifi-
cally provided that the Medical Assistance Act
. . .codified as Article 695j, Vernon's Texas
Civil Statutes, is retained in the Law and
shall remain operable insofar as it is not in
conflict with this Act so as to enable the
State Department to promulgate rules and regula-
tions and to enter into agreements with the
Federal Government to implement this Act, and
to insure continuity of Medical Assistance to
the individuals receiving Medical Assistance
under provisions of that Act until such time
as plans can be implemented and approved, and
funds, both State and Federal, made available
for carrying out the provisions of this Act
after which events Article 695j shall be, and
is expressly repealed." (Emphasis added)

The proposed Medical Assistance Act of 1967 is en-
abling legislation to authorize the State of Texas, acting

through the State Department of Public Welfare, to receive grants, pursuant to Title XIX of the Social Security Act, enacted by the Social Security Amendments of 1965 (Public Law 89-97) for medical assistance programs. Title XIX of the Social Security Act became effective January 1, 1966, and until January 1, 1970, the States may receive grants for medical assistance programs pursuant to either Title XIX of the Social Security Act or other existing Titles of the Social Security Act. However, on January 1, 1970, only States which have adopted a medical assistance program under Title XIX of the Social Security Act will be able to obtain Federal financial participation in vendor payments for medical care of needy individuals.

Section 1902(a)(20) of the Social Security Act provides in part that:

"A State plan for medical assistance
must . . . .

". . . .

"(20) if the State plan includes medical assistance in behalf of individuals 65 years of age or older who are patients in institutions for mental diseases-- (Emphasis added)

"(A)  provide for . . .

"(B)  . . .

"(C)  . . .

"(D)  . . ."

While the foregoing provision in the Social Security Act would seem to indicate that the State has the option of providing medical assistance to individuals eligible for medical assistance who are in State mental hospitals, it would likewise seem that the provisions of Section 1903(e) of the Social Security Act may make it mandatory for the States to provide medical assistance to needy individuals in State mental hospitals by July 1, 1975. Section 1903(e) of the Social Security Act is set forth as follows:

"The Secretary shall not make payments under the preceding provisions of this section to any State unless the State makes a satisfactory showing that it is making efforts in the direction

of broadening the scope of the care and services made available under the plan and in the direction of liberalizing the eligibility requirements for medical assistance, with a view toward furnishing by July 1, 1975, comprehensive care and services to substantially all individuals who meet the plans eligibility standards with respect to income and resources, including services to enable such individuals to attain or retain independence or self-care." (Emphasis added)

In view of the foregoing statutory provisions and the proposed Medical Assistance Act of 1967, we are of the opinion that the following conclusions can be drawn in connection with the questions which have been posed. Under presently existing statutory enactments in Texas, Section 20 of Article 695c, and Section 3 of Article 695j, an individual who is an inmate of a State mental hospital is not presently eligible to receive old age assistance benefits, pursuant to Article 695c, or medical assistance benefits, pursuant to Article 695j. However, should the proposed Medical Assistance Act of 1967 be enacted by the Legislature of the State of Texas, we are of the opinion that the State Department of Public Welfare would be authorized, if it so desired and if funds are available, to expand the medical assistance program authorized by the proposed Medical Assistance Act of 1967 to allow needy individuals who are inmates at State mental hospitals to receive the medical assistance benefits authorized by the proposed Medical Assistance Act of 1967, provided, however, that the State Plan complies with Section 1396a, United States Code Annotated, and the plan is approved by the proper Federal authority. In addition, it should be noted that the State Department of Public Welfare will, in all likelihood, have to extend the benefits allowed under the proposed Medical Assistance Act of 1967 to inmates of State Mental hospitals by July 1, 1975, if the State of Texas is to continue receiving Federal matching funds in connection with this medical care program.

In regard to old age assistance benefits payable to certain needy individuals, the present status will remain unchanged. An inmate in a State mental hospital is presently ineligible to receive such benefits, and such individual will remain ineligible to receive such benefits if the proposed Medical Assistance Act of 1967 is enacted in its present form.

## S U M M A R Y

Under presently existing statutes, an individual who is an inmate in a State mental

hospital is ineligible to receive either old age assistance benefits, pursuant to Article 695c, Vernon's Civil Statutes, or medical assistance benefits, pursuant to Article 695j, Vernon's Civil Statutes.

If the Legislature of the State of Texas enacts the proposed Medical Assistance Act of 1967 in its present form, the State Department of Public Welfare would be authorized to extend the medical care benefits available pursuant to the proposed Medical Assistance Act of 1967 to inmates of State mental hospitals, provided, however, that the State Plan complies with Section 1396a, U.S.C.A., and the Plan is approved by the proper Federal authority.

An inmate in a State mental hospital is presently ineligible to receive old age assistance benefits and would remain ineligible to receive such benefits if the proposed Medical Assistance Act of 1967 is enacted by the Legislature in its present form.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General
PB:sck:mkh

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Reeves
W. O. Shultz
John Grace
Roger Tyler

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.